**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **REGINALD D. ALLEN** | **NO. 08-0108-RET-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 20, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **REGINALD D. ALLEN** | **NO. 08-0108-RET-DLD** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the motion of the defendant, Reginald D. Allen, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed an opposition. There is no need for oral argument or for an evidentiary hearing.

On March 4, 2009, the defendant pled guilty to (a) one count of conspiracy to distribute and to possess with intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base, a violation of 21 U.S.C. § 846, (b) one count of possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), and (c) one count of unlawful use of communications facilities, a violation of 21 U.S.C. § 843(b). As part of the plea agreement, the United States agreed to dismiss the remaining two counts charged against the defendant of unlawful use of communications facilities. On October 29, 2009, the petitioner was sentenced to serve 105 months in confinement in connection with the first two offenses and 48 months in confinement in connection with the third offense, with these sentences to be served concurrently. The final judgment was entered on November 19, 2009.

On October 25, 2010, the defendant filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The defendant asserts that the enactment, in 2010, of the Fair Sentencing Act, Pub.L. No. 111-220, 124 Stat. 2372 ("FSA"), which reduced the penalties applicable to certain drug trafficking offenses, should be applied to his convictions so as to reduce the length of his sentence. Specifically, the plaintiff refers to the legislative description of the FSA as being "an Act to restore fairness to federal cocaine sentencing," and emphasizes the

two words "restore" and "fairness" to argue that Congress intended for the FSA to be retroactive to convictions entered prior to the effective date of the Act.

The plaintiff's contention is without merit. In United States v. Doggins, 633 F.3d 379 (5th Cir. 2011), the United States Court of Appeals for the Fifth Circuit addressed the issue of the retroactivity of the FSA to offenders sentenced prior to the effective date of the Act and explicitly held that the Act "does not apply retroactively". Specifically, the Court found that the Savings Statute, 1 U.S.C. § 109, precludes such retroactive application. The Savings Statute provides that:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

As held in Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1990), the Savings Statute "bar[s] application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." As a result, Marrero instruct that courts must apply the law in force "at the time of the commission of the offense." Id. The Savings Statute has universally be held to apply to amendments of criminal statutes as well as to repeals. See United States v. Bell, 624 F.3d 803 (7th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 2121 (2011); United States v. Jacobs, 919 F.2d 10 (3rd Cir. 1990), cert. denied, 499 U.S. 930, 111 S.Ct. 1333, 113 L.Ed.2d 265 (1991); United States v. Johnson, 2011 LS 39090 (E.D. La., Jan. 4, 2011). In keeping with this rule, the Fifth Circuit has concluded that the FSA may not be applied to reduce the sentences of offenders sentenced under the previous sentencing structure for drug trafficking offenses. United States v. Doggins, supra. This is further consistent with the determinations made by other Circuit Courts which have addressed this issue. See United States v. Diaz, 627 F.3d 930 (2nd Cir, 2010); United States v. Reevey, 631 F.3d 110 (3rd Cir. 2010), cert denied, ___ U.S. ___, 2011 WL 1704557 (May 31, 2011); United States v. Wilson, 401 Fed.Appx. 760 (4th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 2138 (2011); United States v. Carradine, 621 F.3d 575 (6th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 1706 (2011); United States v. Rainey, 404 Fed.Appx.

46 (7th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 1512, 179 L.Ed.2d 335 (2011); United States v. Brewer, 624 F.3d 900 (8th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 1805 (2011); United States v. Hall, 403 Fed.Appx. 214 (9th Cir. 2010), cert. denied, ___ U.S. ___, 2011 WL 1511787 (May 16, 2011); United States v. Lewis, 625 F.3d 1224 (10th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 1790 (2011); and United States v. Gomes, 621 F.3d 1343 (11th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 1833 (2011). Accordingly, inasmuch as the jurisprudence is clear that the FSA does not apply to the plaintiff's convictions and sentence in this case, his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

RECOMMENDATION

It is recommended that the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on June 20, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**